## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In Re* <br><br> **ANDREA NEWTON,** <br><br>          **Debtor.** | Civ. Nos. 17-8377, 17-8378, 17-8574, 17-11637, 17-11856, 17-11859 <br><br> Bankruptcy Case No. 17-19019 |
| **Newton et al.,** <br><br>          **Plaintiff,** <br><br>          **v.** <br><br> **Clinton Palmer,** <br><br>          **Defendant.** | **OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

These matters come before the Court on the applications of *pro se* Debtor Andrea Newton and her husband, Mark Newton, for an order "staying the execution and any proceedings regarding the orders entered on" September 19, 2017, October 6, 2017, and November 14, 2017 by the United States Bankruptcy Court pending appeal to this Court. (Civ. No. 17-8377, DE 7). The petition filed in the bankruptcy matter is not a joint petition — only Ms. Newton has filed a Chapter 7 petition for bankruptcy and is deemed the debtor.

Three different orders are presented in this appeal: (1) a September 19, 2017 Order that incorporated a settlement between Appellants and their landlord, Clinton Palmer; (2) an October 6, 2017 Order that granted relief from the automatic stay in bankruptcy to Palmer to proceed with eviction proceedings against Appellants for their failure to comply with the September 19, 2017 Order; and (3) a November 7, 2017 Order denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding.

For the following reasons, the Newtons' motion for a stay pending appeal is denied.

## I.    Background[1]

In April of 2017, Clinton Palmer filed a summary eviction proceeding against the Appellants for non-payment of rent. (DE 26, ¶9; DE 7-2, ¶9). On May 1, 2017, Ms. Newton filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (DE 7-2, ¶10). On July 7, 2017, Palmer filed a motion in the United States Bankruptcy Court for relief from the automatic stay under 11 U.S.C. §362(a). (Bankr. No. 17-19019, DE 66).

On August 30, 2017, a hearing was held on the motion to lift the automatic stay. (Bankr. No. 17-19019, DE 89-90, 92-94). Mr. Palmer appeared pro se, and Ms. Newton was represented by pro bono counsel. (*Id.*; *see also* DE 26, ¶13). As a result of that hearing, the parties put a settlement agreement on the record. The agreement was later, on September 19, 2017, so-ordered in writing by the Bankruptcy Court. (DE 1-1 (the "Settlement Order")).

In substance, the terms of the August 30 settlement and the Settlement Order required Palmer to provide an exterminator to address a bed bug problem in the Newtons' apartment; thereafter, the Newtons would vacate the apartment within thirty (30) days. The Order provides as follows:

> This matter having been opened to the Court on Motion of Clinton and Janet Palmer for Relief from the Automatic Stay to pursue eviction proceedings against the Debtor; and Clinton and Janet Palmer having appeared pro se and the Debtor having appeared through counsel, Bruce H. Levitt, Esq., and it having been represented to the Court by all parties that the matter has been resolved between them, and agreement to the settlement terms having been put on the record by Clinton and Janet Palmer, the Debtor, and Mark Newton, the Debtor's non-filing spouse,
>
> IT IS ORDERED AS FOLLOWS:
>
> 1. Clinton and Janet Palmer ("the Palmers") shall arrange to have the bed bug problem in the Debtor's apartment treated and remediated by a licensed professional.
>
> . . .

---

[1] "DE _" refers to the docket entry number in Civ. No. 17-8377.

3. The Debtor and Mark Newton will cooperate with the professional hired by the Palmers and provide all access to the apartment required to complete the remediation.
. . .
5. The Debtor and Mark Newton will vacate the premises no later than 30 days after written proof from the professional hired by the Palmers has been provided to the Debtor and Mark Newton and Bruce H. Levitt, Esq., counsel to the Debtor, that the bed bug problem has been remediated.

6. Stay relief is granted to the Palmers to pursue eviction on the 30th day after notice of remediation of the bed bug problem as set forth in the preceding paragraph.

7. Neither the Debtor nor Mark Newton will pursue any claim against the Palmers related to the motion for stay relief or the bed bug problem raised in opposition to the motion for stay relief.
. . .
9. In the event that the Debtor and Mark Newton do not cooperate with the bed bug remediation, the Palmers shall submit a written explanation of the failure to cooperate, on notice to Bruce H. Levitt, Esq., counsel to the Debtor, and, upon a finding by the court that the Debtor and Mark Newton have not reasonably cooperated with regard to the bed bug remediation, the court will enter an Order granting stay relief effective immediately.

(DE 1-1).

On September 22, 2017, Palmer filed a letter with the Bankruptcy Court indicating that the Newtons had failed to abide by the Settlement Order. (Bankr. No. 17-19019, DE 102). After the August 30, 2017, hearing, two different appointments with an exterminator had been scheduled, which Palmer had communicated to the Newtons through their attorney. (*Id.*). The first appointment was canceled because Ms. Newton never responded to her attorney, the exterminator, or Palmer. (*Id.*). The Newtons claim that, during the first appointment, scheduled for September 11, 2017, Mr. Newton had to "attend a 'post 9/11 Ceremony'" and a medical evaluation in the afternoon. (DE 7-2, ¶31). They do not provide any explanation as to why they did not communicate this scheduling issue with their landlord, attorney, or the

exterminator. They also did not specify why, even if Mr. Newton was not available, Ms. Newton (the debtor) could not have been at home.

The second appointment was rescheduled, at Mr. Newton's request, to September 20, 2017. (Bankr. No. 17-19019, DE 102). On that date, however, Ms. Newton was at a medical appointment, and Mr. Newton "was utilizing the bathroom" when he heard the doorbell. (DE 7-2, ¶44). He claims that the exterminator left in a hurried manner. (*Id.*).

As a result of Palmer's letter and the Newtons' failure to cooperate, the Bankruptcy Court entered an Order on October 6, 2017, vacating the automatic stay. (Bankr. No. 17-19019, DE 106). On October 11, 2017, Mr. Newton made a motion in the Bankruptcy Court, seeking a stay of that order pending appeal. (Bankr. No. 17-19019, DE 133). Following argument, the Bankruptcy Court issued an order on November 14, 2017, denying Mr. Newton's application for a stay pending appeal "for the reasons set forth in the Court's November 7, 2017 Oral Decision." (Bankr. No. 17-19019, DE 160).

After filing a notice of appeal with this Court, the Newtons filed a motion to stay execution of the September 19, 2017, October 6, 2017, and November 7, 2017 Orders. (DE 7). The Newtons have not included a transcript of the August 30, 2017 hearing or the Bankruptcy Court's November 7, 2017 oral decision for this Court as part of their application. (*See* DE 7). The Designation of the Record on Appeal also does not include the transcripts which are the subject of the appeal. (DE 13).

The appeals were filed in the November-December 2017 time frame. Here are some items, summarized from the Appellants' own account, stating the history of what occurred next. (*See* DE 14 (motion to reinstate appeal)): On April 4, 2018, I entered an order to show cause why the appeals should not be dismissed for failure to comply with Fed. R. Bankr. R. 8003 and 8009. (DE 8). The appellants did not respond adequately, but cited medical problems. I therefore dismissed the appeals without prejudice to reinstatement if the record was properly filed within 30 days. (DE 10). The Appellants claimed that they were not "served" with that order and did not learn about it until May 3, or

4

possibly May 25, 2018, and should be given more time. (DE 11). I entered an order granting an extension until June 19, 2018. (DE 12). Appellants claim to have overlooked this order, in part because they were engaged in religious observances. Nothing was received by the clerk before the deadline. Later, Appellants represented that a "Statement of Issues and Items on Appeal" was filed incorrectly in the bankruptcy court, not the district court. On June 22, 2018, a designation of the record on appeal was filed (DE 13), but the Newtons have not complied with the Court's order that hard copies of the relevant items be supplied.

Despite this history of noncompliance, on March 5, 2019, I entered an order reinstating the Newtons' appeals. (DE 21).

As it happened, an eviction proceeding was scheduled for March 8, 2019 in the Superior Court of New Jersey. (DE 26, ¶26). The Newtons presented this Court's March 5, 2019 Order to the Superior Court. They represented that because my Order recited that they had moved for reinstatement and "other relief," this Court had impliedly entered a stay of the eviction proceedings pending appeal. (DE 26, ¶26). The Superior Court adjourned the eviction proceeding, seeking clarification as to whether a stay had been granted. (DE 26, ¶27).

On March 11, 2019, I entered an order clarifying that a stay had not been entered, and permitting Palmer to file an opposition to the Newtons' motion for a stay pending appeal. (DE 24). On March 15, 2019, Palmer filed an opposition. (DE 26). Palmer requests that the stay be denied because, among other things, the lease had not been assumed by the debtor. The Newtons made no effort to assume the lease or provide the required adequate assurance of payment. Accordingly, argued Mr. Palmer, relief from the automatic stay had been warranted and no stay pending appeal should be entered. In the alternative, if a stay is granted, Palmer requests that this Court require that the Newtons post the rents or a bond. (DE 26).

## II.    Standard

A party moving for a stay pending appeal has the burden of showing the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties['] interest ... in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *see also Ferrone v. Cardiello*, 516 B.R. 765, 767 (W.D. Pa. 2014); *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 520 (Bankr. D. Del. 2007). These factors must be considered and balanced. *See In re Calabria*, 407 B.R. 671, 678 (Bankr. W.D. Pa. 2009) ("[T]o determine whether a stay pending appeal is warranted, the court is to balance each of the factors at issue and examine individualized considerations relevant to the case.").

## III.    Discussion

### 1. Failure to Submit Transcript of Oral Decisions

As a preliminary matter, the Newtons have failed to supply the Court with the very decisions from which they appeal. Both the September 19, 2017 Settlement Order and the November 7, 2017 Order denying intervention were entered "for the reasons set forth on the record." The Newtons, more than a year after filing their appeals, have not filed the transcripts of the Bankruptcy Court's oral decisions. I am mindful of their *pro se* status and have been more than indulgent, but this procedural noncompliance violates the Federal Rules of Bankruptcy Procedure and impedes this Court's review.

A motion to stay before this Court "must" include: "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." Fed. R. Bankr. 8007. Federal Rule of Bankruptcy Procedure 8006 requires the party appealing a decision of a bankruptcy court to file, within

fourteen days of filing the notice of appeal, a designation of items to be included in the record on appeal and a statement of issues presented. *Id.* "While the Rule does not require that the 'record on appeal' include all transcripts of the proceedings below, its provisions make clear that those documents which include 'findings of fact' or 'conclusions of law' are deemed part of the record, including transcripts." *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006).

"Appellants have the duty to [designate and] provide the [C]ourt with all documents, including transcripts, that are necessary to conduct substantive review." *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011); *see In re WEB2B Payment Solutions, Inc.*, 2013 WL 2383599, *1-2 (Bankr. D. Minn. May 30, 2013) (citing cases). In addition, "[i]f the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." *In re Richardson Indus. Contractors*, 189 F. App'x 93, 95 n.2 (3d Cir. 2006).

The Newtons did not provide this Court with the transcript of the Bankruptcy Court's oral decisions, either in connection with filing the record on appeal or in connection with this application for a stay. Without the transcripts, the Newtons are unable to show that they are likely to succeed on the merits of this appeal by establishing that the Bankruptcy Court committed reversible error. The Newtons are further unable to establish the interests and hardships that the Court should consider in balancing the equities, if a stay were to be entered.[2] I nevertheless, to the extent practicable, consider the relevant equitable factors.

---

[2]      The Newtons are admonished that the Court, when it addresses the merits of the appeal, will consider whether they have filed (1) the transcript of the settlement that was put on the record (the hearing was held on August 30, 2017, order was issued Sept. 19, 2017); and (2) the transcript for the November 7, 2017 hearing denying Mr. Newton's application to intervene in Ms. Newton's bankruptcy proceeding.

### 2. Analysis of the Four Equitable Factors

The Newtons have not made a "strong showing" that they are likely to succeed on the merits.

The filing of a bankruptcy petition automatically stays creditors from taking further action, including state-court eviction proceedings, against a debtor. *See* 11 U.S.C. § 362. A bankruptcy court may, however, grant relief from the stay on the request of a "party in interest." 11 U.S.C. § 362(d). The relief granted may include "terminating, annulling, modifying or conditioning such stay." *Id.* Failure of a tenant to comply with rental obligations constitutes cause to lift the automatic stay under § 362(d)(1).[3]

A debtor's interest in an unexpired lease constitutes property of the bankruptcy estate pursuant to 11 U.S.C. § 541 of the Bankruptcy Code. Under 11 U.S.C. § 365, a debtor has the right to assume or reject its unexpired leases. More than a mere statement of intent is required, however; "Section 365(b) of the executory contracts section of the Code requires a debtor to cure prepetition defaults as a precondition of assuming an executory contract." *In re Stoltz*, 315 F.3d 80, 86 (2d Cir. 2002). Assumption of the lease may occur only if the default is cured, and there is adequate assurance of future performance under the lease. 11 U.S.C. §365(b).

Palmer suggests that the stay was inappropriate in any event because the lease is not property of the estate. If a Chapter 7 debtor neither assumes nor rejects an unexpired lease, then the lease is deemed rejected under § 365(d)(1). *In re Stoltz*, 315 F.3d at 86. Upon rejection, the lease is no longer

---

Both orders are entered "for the reasons set forth on the record." Failure to file the transcripts may result in summary dismissal of the appeals.

[3]        A decision to grant or terminate the stay under § 362 is within the discretion of the Bankruptcy Court, *In re Colonial Ctr., Inc.*, 156 B.R. 452, 459 (Bankr. E.D. Pa. 1993) and is reviewed for abuse of that discretion. An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or clearly unreasonable," *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir. 2002), or when improper legal standards, criteria, or procedures are used. *In re Gioioso*, 979 F.2d 956, 959 (3d Cir. 1992) (bankruptcy court abuses its discretion when its ruling is founded on an error of law).

part of the bankruptcy estate, and the non-debtor party to the contract may pursue state law remedies for breach of contract, including eviction. *Id.* A debtor's inability to assume a lease constitutes "cause" for relief from the automatic stay under Bankruptcy Code section 362(d)(1). *In re G.S.V.C. Restaurant Corp.*, 10 Bankr. 300 (S.D.N.Y. 1980).

The Newtons have not assumed their obligations under a lease. (DE 26, ¶38). Nor have they provided adequate assurance of payment. (*Id.*, ¶40). The Newtons principally raise issues concerning the habitability of the property. That might not constitute a defense to a landlord-tenant proceeding based on nonpayment of rent. (DE 7-2). The issue here, however, is the propriety of lifting the automatic stay so such a landlord-tenant action may go forward in state court. It does not appear that the Newtons have cured their defaults or provided adequate assurance of future performance under the contract. Accordingly, there is good cause for relief from the automatic stay.

Setting aside those arguments, the Newtons urge that the Settlement Order was invalid. While represented by an attorney, the Newtons entered into a settlement in which they agreed to provide access to the apartment for the purpose of exterminating bedbugs, and then would vacate the premises within 30 days. (DE 1-1). The Newtons essentially argue that their attorney did not properly represent their interests in reaching this agreement. The Order before me, however, recites that all parties agree to the terms of the settlement. (DE 1-1). "A settlement agreement between parties to a lawsuit is a contract." *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990); *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970) (settlement agreement is a binding contract). New Jersey courts generally refuse to vacate settlement agreements absent a demonstration of fraud, mutual mistake, or other compelling circumstances. *Nolan*, 120 N.J. at 472, 577 A.2d at 146; *Great Bay Hotel & Casino, Inc. v. Tose*, 1991 WL 639131, at *5 (D.N.J. 1991); *see generally Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348-49 (D.N.J. 1996) (federal court settlement agreements governed by New Jersey contract law).

The Newtons have failed to present any persuasive evidence that suggests a likelihood of success on the issue of the validity of the settlement agreement. Indeed, they have failed to file the transcript of the proceedings in which that agreement was reached. More fundamentally, however, it does not matter. The implication of the Newtons' argument would be that there never was a settlement. If so, then their violation, or not, of the terms of the settlement was never an issue, and they stand in *status quo ante*—*i.e.*, they have not paid rent, the debtor has not assumed the lease, and they are not entitled to the automatic stay. *See supra.*

I turn to the other factors. Being evicted may be recognized as a harm to the Newtons; however, Palmer filed for an eviction in April of 2017, almost two years ago, giving the Newtons plenty of notice of his intent to seek possession of the apartment. If this Court issues a stay pending appeal, then Palmer would be harmed. He now has tenants who have maintained possession of an apartment rent-free, aided by passive noncooperation with their own bankruptcy case. There are no particular public interests that favor the Newtons at this point.

In sum, I conclude that the Newtons have not met their burden in establishing their right to a stay pending appeal. Accordingly, their motion is denied.

## IV. Conclusion

For the reasons stated above, the Newton's motion for stay pending appeal is denied. An appropriate order follows.

Dated: March 19, 2019

**Kevin McNulty**
**United States District Judge**

10